Docket No: 21-13814-J

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

QUANIAH STEVENSON,

*Plaintiff-Appellant,*

v.

DELTA AIR LINES, INC.,

*Defendant-Appellee.*

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

---

# REPLY BRIEF OF APPELLANT

---

Charlena L. Thorpe
INCORPORATING INNOVATION LLC WITH
CHARLENA THORPE, PATENT ATTORNEY
6340 Sugarloaf Parkway, Suite 200
Duluth, Georgia 30097
(770) 325-2741
charlena@incorporatinginnovation.com
*Counsel for Appellant*

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT (CIP)**

The following is a complete list of all persons and entities known to the filer to have an interest in the outcome of this appeal.

Delta Air Lines, Inc.

Incorporating Innovation LLC

Munger & Stone, LLP

Stevenson, Quaniah

Stone, Benjamin Alexander

Thorpe, Charlena L.

Totenberg, Amy

Walker, Linda T.

Dated: May 9, 2022 By: s/ Charlena Thorpe
Charlena Thorpe

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

I. ARGUMENT ........ 1

A. The magistrate judge and the district court committed clear error by citing to the wrong brief. ........ 1

B. Delta, the magistrate judge, and the district court judge would like to ignore the standing orders issued in this case to the prejudice of Ms. Stevenson. ........ 2

C. Delta has not rebutted that the district court judge and the magistrate judge applied the wrong standard as set forth in detail in Ms. Stevenson's principal brief. ........ 3

D. Ms. Stevenson was not required to establish a prima facie case. ........ 3

E. Delta has not rebutted that the Document Request related to Blackmon is relevant and should have been discoverable. ........ 4

CONCLUSION ........ 5

CERTIFICATE OF FILING AND SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

Clark v. Coats & Clark, Inc.,
929 F.2d 604 (11th Cir. 1991) ....................7, 8

Dean v. Barber,
951 F.2d 1210, 1214 (11th Cir. 1992) ....................4

Kleiner v. First National Bank of Atlanta,
751 F.2d 1193, 1209 (11th Cir.1985) ....................2

Mullins v. Crowell,
228 F. 3d 1305, 1313 (11th Cir. 2000) ....................4

## I. ARGUMENT AND CITATIONS OF AUTHORITY

### A. The magistrate judge and the district court committed clear error by citing to the wrong brief.

Delta states in its brief that "Stevenson makes much ado in her Appellant Brief about the Magistrate Judge citing to her Summary Judgment Response at Doc. 96 rather than Doc. 98. What she fails to tell the Court is that those responses are substantively identical. (Compare Doc. 96 and Doc. 98)". (See Delta Brief 28 n 15.) However, this is blatantly false and it was prejudicial to Ms. Stevenson that the magistrate cited to the wrong brief and did not consider the citations to the record in Ms. Stevenson's supplemental brief.

For example, citing to the wrong brief (i.e., Doc. 96), the magistrate erroneously states that "[w]ith respect to two of her alleged comparators, Plaintiff simply lists their names with no explanation regarding how or why Plaintiff contends these individuals are comparators." (Doc. 15 4.) However, Doc. 98 at 16-17 includes this information.

As another example, citing to the wrong brief (i.e., Doc. 96), the magistrate states that "Plaintiff also nakedly asserts that 'similarly situated employees were treated differently,' . . . not properly 'supported by a citation to evidence proving such fact.'" (Doc. 15 at 3.) However, Doc. 98 at 16-17 includes this information.

Delta argues that "[b]oth the Magistrate Judge and the District Court Judge reviewed all of Stevenson's substantive arguments -- and correctly rejected them.",

however, there is no evidence that the magistrate or the district court judge even considered Ms. Stevenson's supplemental brief.

**B. Delta, the magistrate judge, and the district court judge would like to ignore the standing orders issued in this case to the prejudice of Ms. Stevenson.**

Delta argues that "the Magistrate Judge and the District Court both correctly recognized that Stevenson failed to comply with Local Rule 56.1." (See Delta Brief 31.) This argument is disingenuous, particularly when both the magistrate judge and the district court judge issued standing orders regarding these matters. Kleiner v. First National Bank of Atlanta, 751 F.2d 1193, 1209 (11th Cir.1985) ("orders of the court '*must be obeyed* . . .'")(emphasis in original). As provided in Ms. Stevenson's, principal brief, (1) there were no "additional" fact, therefore, a statement of additional facts was not needed or required; (2) pretext and comparator issues are mix questions of law and fact and are not appropriate in a statement of additional facts as the local rules state that "an issue or legal conclusion" shall not be included in a statement of additional facts (see LR 56.1(B)(1), (B)(2)(b), NDGa.); (3) the magistrate's standing order directed the parties to cite to the record in its brief in order for that evidence to be considered (see Doc. 15 7-8.); and (4) ***if*** Ms. Stevenson should have provided a separate statement of additional fact, Ms. Stevenson should have had the opportunity to do so pursuant to the district court judge's standing order (see 104-1 26 (providing, "Statements of material fact that do not conform to these

instructions ***will be*** ***returned to counsel for revision***.”)). Both the magistrate judge and the district court judge did not follow their own orders to the prejudice of Ms. Stevenson. This was clear error. Delta argues that “Stevenson’s improperly-asserted ‘facts’ were still considered and analyzed by the lower court”. (See Delta Brief 31.) However, this simply is not true.

**C. Delta has not rebutted that the district court judge and the magistrate judge applied the wrong standard as set forth in detail in Ms. Stevenson’s principal brief.**

Without citing to any part of the magistrate judge’s order or the district court judge’s order, Delta argues that “the Magistrate Judge and the District Court also correctly recognized that, through its own evidence and its citations to Stevenson’s and other depositions in this case, Delta more than met its initial burden on summary judgment.” (See Delta Brief 34.) Delta cannot get around the fact that the magistrate judge held that “[t]he Court does not consider whether Defendant’s reasons were ‘pretext’ ***until Plaintiff meets her initial burden of establishing a prima facie case***. ***Because Plaintiff has not done so, Defendant is entitled to summary judgment on Plaintiff’s discriminatory termination claims***”. (See Doc.102 37)(internal citation omitted)(emphasis added). Furthermore, the district court held that after reviewing the record, “**Plaintiff has not established a prima facie case**.” (Doc. 106 3.) Accordingly, the district court judge and the magistrate judge clearly applied the wrong standard. See Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir.

1991)(reversing summary judgment because the district court misapplied the movant and non-movant's burdens). The district court did not determine whether Delta met its initial burden and this was clear error. Clark, 929 F.2d at 608.

**D. Ms. Stevenson was not required to establish a prima facie case.**

Delta argues that "[t]he District Court Correctly Concluded That Stevenson Did Not Demonstrate A Prima Facie Case Or Other Evidence Of Discrimination." (See Delta Brief at 37.) However, as set forth in Ms. Stevenson's principal brief, the non-moving party does not have to establish a "prima facie" case; instead, the non-moving party only needs to establish that there are genuine issues. Mullins v. Crowell, 228 F. 3d 1305, 1313-14 (11th Cir. 2000).

**E. Delta has not rebutted that the Document Request related to Blackmon is relevant and should have been discoverable.**

Delta correctly noted that the Document Request related to Blackmon was appealed to the district court judge, who also did not compel discovery of the documents. This was an abuse of discretion. As set forth in Mr. Stevenson's principal brief, these documents are relevant and should have been compelled. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Because the district court abused its discretion by ignoring Dean's motion to compel, the grant of summary judgment on a potentially inadequate record was improper and must be vacated.")

## II. CONCLUSION.

For the reasons set forth in Ms. Stevenson's principal brief and reply brief, the Court should vacant the district court's summary judgment order.

Respectfully submitted this 9th day of May, 2022.

s/ Charlena Thorpe
Charlena L. Thorpe
Georgia Bar No. 760954
charlena@incorporatinginnovation.com
**Incorporating Innovation LLC with**
**Charlena Thorpe, Patent Attorney**
6340 Sugarloaf Parkway Suite 200
Duluth, Georgia 30097
Tel/Fax: 770-325-2741

CERTIFICATE OF COMPLIANCE.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word in font size 14 and Times New Roman, This document complies with Fed. R. App. P. 32(a)(7), excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,013 words and 5 pages and 87 lines.

Dated: May 9, 2022 By: /s/ Charlena Thorpe
Charlena Thorpe

CERTIFICATE OF SERVICE

I certify that I have served **REPLY BRIEF OF APPELLANT** via the Court's ECF system and on the Clerk of the U.S. Court Of Appeals For The Eleventh Circuit on the date below via first class mail and dispatch as follows:

David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit

56 Forsyth St., N.W.
Atlanta, Georgia 30303

Dated: May 9, 2022 By: /s/ Charlena Thorpe
Charlena Thorpe